UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

ANTONINO BUSSA,

               Plaintiff,

-against-

A VERY SPECIAL PLACE, INC.

               Defendant.
-------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
14-CV-6479(CBA)(LB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 18 2014 ★
BROOKLYN OFFICE

**AMON, Chief United States District Judge.**

On October 29, 2014, plaintiff, Antonio Bussa, filed this pro se action alleging employment discrimination by defendant A Very Special Place, Inc., under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117. Bussa sought leave to proceed in forma pauperis. The Court grants Bussa in forma pauperis status, pursuant to 28 U.S.C. § 1915(a)(1), solely for the purposes of this order, and dismisses his action for the reasons set forth below.

### Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action is: "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." However, a court must construe a pro se litigant's pleadings liberally, Chavis v. Chappius, 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations, Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008). A pro se complaint should not be dismissed without granting plaintiff leave to amend "at least once when a

1

liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam).

**Background**

1. Litigation History

Since April 2010, Bussa has filed five actions in this Court alleging employment discrimination. In the first, Bussa v. Vernon Avenue Children's School, LLC., No. 10-cv-1895, Bussa alleged that the defendant school did not hire him because of his gender and his disability, which the complaint identified as cerebral palsy. That action was dismissed by stipulation of dismissal on September 30, 2010. In his second case, Bussa v. Northfield Bancorp, Inc., No. 10-cv-4796, Bussa alleged the defendant bank failed to hire him because of his cerebral palsy. That case was also dismissed by stipulation of dismissal, which the Court entered on November 4, 2011. Bussa's third action, Bussa v. Henan Meiya Cultural & Commercial Dev. Co., Ltd., No. 11-cv-6387, alleged that the defendant, a Chinese company, hired him to be a teacher in China but then fired him, on account of his cerebral palsy, after he had already traveled to China. The Court dismissed his complaint by Order dated March 12, 2012, for failure to state a claim on which relief may be granted. In his fourth action, Bussa sued the instant defendant, A Very Special Place, which provides services to people with developmental disabilities, alleging that it failed to hire him because of his cerebral palsy. Bussa v. A Very Special Place, Inc., No. 12-cv-871. Bussa repeatedly failed to appear for court dates or comply with court directives, despite multiple warnings. By Order dated July 23, 2013, the Court dismissed the case pursuant to Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A)(v), citing Bussa's failures to appear for pretrial conferences and comply with discovery orders. Id., ECF No. 31. The Court held that

"[p]laintiff's repeated failure to appear at court-ordered conferences wastes the time and resources of both the Court and defendant. No lesser sanction than dismissal is appropriate." Id. at 2. Bussa appealed to the United States Court of Appeals for the Second Circuit, id., ECF No. 33, which deemed his case in default because he failed to file a brief, id., ECF No. 34.

### 2. The Instant Case

Now, in the instant case, Bussa alleges for a second time that defendant, A Very Special Place, failed to hire him in 2010 because of his cerebral palsy. (Complaint ("Compl.") at 3-4.)[1] Bussa states that he filed a charge jointly with the New York State Division of Human Rights ("NYSDHR") and the Equal Employment Opportunity Commission ("EEOC") on March 1, 2013. (Id. at 4.) He notes that "[p]laintiff was given a second determination on July 2, 2014, by the NYSDHR." (Id.) On September 16, 2014, the EEOC issued a "second right to sue letter" to Bussa "because the NYSDHR reopened plaintiff's case again." (Id. at 4-6.) According to the right-to-sue letter, which plaintiff appended to his complaint, the EEOC closed Bussa's file on the following basis: "No Jurisdiction- Charging Party filed in Federal Court and Dismissed." (Id. at 6.)

## Discussion

As outlined above and as the EEOC letter notes, Bussa has already litigated precisely this claim before this Court. A district court has the power to dismiss pro se complaints sua sponte on res judicata grounds. Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise res judicata in answer does not deprive a court of the power to dismiss a claim

---

[1] Bussa alleges that the discriminatory act in the instant case took place on December 9, 2010. (Compl. at 3.) In his first case against A Very Special Place, he estimated that the alleged discriminatory acts took place on November 8, 2010, and November 15, 2010. Bussa, No. 12-cv-871, ECF No. 1. However, he acknowledges that the purported

3

on that ground" sua sponte.); see also Rollock v. LaBarbera, 383 F. App'x 29, 30 (2d Cir. 2010) (summary order) (affirming district court's sua sponte dismissal of complaint on res judicata grounds). Res judicata bars subsequent litigation if: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. N.Y.C. Dep't of Corrs., 214 F.3d 275, 285 (2d Cir. 2000).

Here, the requirements of res judicata are met. First, Bussa's prior action resulted in a judgment on the merits when the Court dismissed the action under Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A)(v). "Unless the dismissal order states otherwise," a dismissal ordered under any Federal Rule of Civil Procedure—"except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19"—"operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); see also Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 506 (2001) (holding that adjudication on merits under Rule 41(b) "bar[s] refiling of the same claim" in the same federal court). "The Second Circuit has squarely held that when a first action is dismissed for failure to comply with discovery orders, and a second action is brought on the same claim, by the same plaintiff[,] that claim should be barred." Bay Fireworks, Inc. v. Frenkel & Co, Inc., 359 F. Supp. 2d 257, 262 (E.D.N.Y. 2005) (discussing dismissal pursuant to Rules 16 and 37); see also Nasser v. Isthmian Lines, 331 F.2d 124, 127 (2d Cir. 1964) (holding that dismissal for failure to comply with discovery order constitutes dismissal on the merits). The Court dismissed plaintiff's prior action, Bussa, No. 12-cv-871, ECF No. 31, because he failed to appear for pretrial conferences and comply with discovery orders, see, e.g., id., ECF No. 23. Therefore, that

---

discriminatory failure to hire in the instant complaint is the same as that alleged in the first case. (Compl. at 4.)

4

dismissal was an adjudication on the merits, under Rule 41(b). Second, both this action and Bussa's prior action involve the exact same parties—Bussa and A Very Special Place. Finally, this case involves the same cause of action: Bussa alleges that defendant violated the ADA because it failed to hire him in November 2010 due to of his cerebral palsy. (Compl. at 1-4) Accordingly, because this action was previously adjudicated on the merits, the present action is barred by the doctrine of res judicata.

Even if it were not barred by res judicata, the complaint is time barred. Plaintiff filed the charge of discrimination on which he relies in the instant case with the NYSDHR and the EEOC three years after the allegedly discriminatory conduct occurred. (Id. at 3-4.)[2] That falls well outside the 300-day period within which a plaintiff must file his or her charge. 42 U.S.C. § 2000e-5(e)(1); see also McGullam v. Cedar Graphics, Inc., 609 F.3d 70, 75 (2d Cir. 2010) (holding that Section 2000e-5(e)(1) precludes refusal to hire claims brought more than 300 days after the act of alleged discrimination). Waiver, estoppel, or equitable tolling may allow a charge to go forward even when it is filed outside the statutory 300-day window. Francis v. City of New York, 235 F.3d 763, 767 (2d Cir. 2000). However, nothing in the instant complaint – no matter how liberally construed – indicates that any of those doctrines apply to Bussa's case.

---

[2] Bussa filed a charge of discrimination in his first case against A Very Special Place on November 20, 2010, just days after the defendant's alleged discriminatory failure to hire. Bussa, No. 12-cv-871, ECF No. 1, at 4. Were he to rely on this earlier charge, the instant complaint would nevertheless be untimely. A plaintiff must bring suit no later than ninety days after receiving a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); McPherson v. N.Y.C. Dep't of Educ., 457 F.3d 211, 213-14 (2d Cir. 2006). The EEOC issued its right-to-sue letter in response to Bussa's 2010 charge on February 15, 2012. Bussa, No. 12-cv-871, ECF No. 1, at 6. Bussa filed the instant action more than two-and-a-half years later. (D.E. 1.)

**Conclusion**

Accordingly, the action is dismissed on the basis of res judicata. Alternatively, Bussa's claim is untimely. In either case, the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).[3] There is no reason to grant leave to amend the complaint because even the most liberal reading of Bussa's complaint reveals no "indication that a valid claim might be stated." See Gomez, 171 F.3d at 795.

Because the Court dismisses Bussa's action, it denies as moot defendant's request to set a briefing schedule, (D.E. 6), as well as plaintiff's apparent opposition to that request, (D.E. 4). It also denies as moot defendant's request for a pre-motion conference. (D.E. 6.) The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purposes of appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
December 17, 2014

s/Carol Bagley Amon
Carol Bagley Amon
Chief United States District Judge

---

[3] With respect to the res judicata basis, the Court also dismisses Bussa's complaint as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). Res judicata is not an enumerated ground for dismissal under 28 U.S.C. § 1915(e)(2)(B). However, courts in this district have held that a res judicata disposition constitutes either dismissal because the action is frivolous, id. § 1915(e)(2)(B)(i), or dismissal because plaintiff fails to state a claim upon which relief may be granted, id. § 1915(e)(2)(B)(ii). See Augustus v. AHRC Nassau, No. 13-cv-6227, 2013 WL 6173782, at *2 (E.D.N.Y. Nov. 20, 2013) ("[W]here the claim clearly is barred on the basis of res judicata, district courts may dismiss a case as frivolous or for failing to state a claim upon which relief can be granted."); see also Justice v. Kuhnapfel, No. 13-cv-3696, 2014 WL 3734502, at *2 (E.D.N.Y. July 25, 2014) (dismissing due to failure to state a claim on which relief can be granted); Hawkins-El v. AIG Fed. Sav. Bank, No. 07-cv-1274, 2007 WL 1213232, at *2 (E.D.N.Y. Apr. 24, 2007) (dismissing because frivolous action).